IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KANSAS CITY AFRICAN MARKET, INC., )
)
                Plaintiff, )
)
v. ) Case No. 12-1103-CV-W-FJG
)
MOUNT VERNON FIRE INSURANCE )
COMPANY, )
)
)
                Defendant. )

## ORDER

Currently pending before the Court is plaintiff's Motion to Dismiss Defendant's Counterclaim (Doc. # 10).

### I. BACKGROUND

Defendant, Mount Vernon Fire Insurance Company ("Mount Vernon") issued a policy of property and liability insurance coverage to plaintiff. On May 12, 2011, a fire occurred in the building occupied by plaintiff's business. Plaintiff made a claim for damages for business loss and contents coverage under the policy. Defendant has not paid plaintiff's claim, because defendant asserts that plaintiff has refused to provide certain requested supporting documentation. On July 25, 2012, plaintiff filed suit in Jackson County Circuit Court, alleging breach of contract, vexatious refusal to pay and vexatious delay. Defendant removed the case to this Court and filed its Answer and a Counterclaim for Declaratory Judgment, seeking a declaration that there is no coverage under the insurance policy due to the insured's concealment and/or misrepresentation of a material fact, failure to comply with the policy loss provisions and breach of contract. Plaintiff moves to dismiss the counterclaim arguing that it fails to state a claim because it is "nothing more than defendant's contention that it should prevail with

regard to *plaintiff's* claim." (Motion to Dismiss, p. 2).

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555, 127 S.Ct. at 1965. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly 550 U.S. at 557, 127 S.Ct. at 1966). "Determining whether a claim is plausible is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010) (quoting Iqbal 129 S.Ct. at 1950). Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Barry v. Time Ins. Co., No. CIV 11-4018-KES, 2011 WL 2566129, *2 (D.S.D. June 28, 2011). "The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims." Richardson v. Hellmuth, Obata & Kassabaum, Inc., No. 4:11CV1227 CDP, 2011 WL 4635183, *2 (E.D.Mo. Oct. 4, 2011), (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

Plaintiff argues that there is a complete identity of factual and legal issues between the defendant's counterclaim and plaintiff's claim and the counterclaim is merely redundant of plaintiff's claim. Plaintiff argues that defendant is asking the Court

2

to declare that it has a valid defense to plaintiff's claim, and this is not a proper basis for a declaratory relief.

Defendant argues that its counterclaim is seeking a judicial determination that plaintiff did not comply and/or materially breached the provisions of the insurance policy. Defendant states that plaintiff is seeking money damages for breach of contract, as well as statutory penalties for vexatious refusal to pay. Thus, defendant argues that the counterclaim is not a complete mirror image of plaintiff's claim and should not be dismissed.

In <u>Fidelity National Title Insur. Co. v. Captiva Lake Investments</u>, 788 F.Supp.2d 970 (E.D.Mo. 2011), the Court considered a motion to dismiss defendant's counterclaims. Plaintiff had issued a policy of title insurance to a bank. The bank made two loans to a development company for the development of a condominium subdivision. The loan policy was to insure the priority status of the bank's deed of trust for the loans. The bank subsequently transferred all of its interest in the title insurance policy to the defendant. The defendant then made a claim on the policy and demanded indemnification for pending mechanic's liens. Defendant also submitted a claim for coverage for unmarketability of title, alleging that the title company's refusal to provide coverage for the mechanic's liens had caused a prospective purchaser to change their mind regarding the property. Plaintiff asserted that it was not obligated to provide coverage for the mechanic's liens and asserted four claims for declaratory judgment. Defendant asserted counterclaims for declaratory judgment, breach of contract arising from the failure to defend as to the mechanic's liens, tortious interference, and breach of contract for failure to indemnify as to the unmarketability of the property. As in the instant case, the plaintiff argued that the counterclaims were redundant and that the

3

defendant could achieve the relief it sought by successfully defending against plaintiff's claims. The Court stated:

> [i]f it cannot be determined early in the litigation if the counterclaim is identical to the complaint, 'the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action'.

Id. at 973 (quoting Richmond v. Centurion Exteriors, Inc., 2010 WL 3940592, *1 (M.D. Tenn. Oct. 6, 2010) and Pettrey v. Enterprise Title Agency, Inc., 2006 WL 3342633 *3 (N.D.Ohio Nov. 17, 2006)). The Court determined that plaintiff was seeking a declaration that the policy does not provide coverage and that defendant was seeking in the counterclaim a declaration that the policy does provide coverage and also that plaintiff was obligated to indemnify it for damages. The Court found that the counterclaim was not wholly redundant of the plaintiff's complaint and denied the motion to dismiss. Id.

Similarly, in Handi-Craft Company v. Travelers Casualty & Surety Co., No. 4:12CV63 JCH, 2012 WL 1432566 (E.D.Mo. Apr. 25, 2012), the Court also considered whether the defendant's counterclaim should be dismissed as duplicative. In that case the plaintiff purchased an insurance policy from defendant. Plaintiff was subsequently sued and tendered the suit to the insurance company. However, the insurance company refused coverage of the suit. Plaintiff eventually sued the insurance company for breach of contract, vexatious refusal to pay and vexatious delay and requested a declaratory judgment that defendant had a duty to defend and indemnify. Defendant filed an Answer and Counterclaim for Declaratory Relief, based on various exclusions in the policy. The Court found that defendant's counterclaim was not a mirror image of the complaint, because the counterclaim cited specific exclusions that the defendant

4

claimed barred coverage under the policy, while the plaintiff's complaint asserted breach of contract and vexatious refusal to pay. Id. at * 3.

In the instant case, the Court also finds that the defendant's counterclaim is not a mirror image of plaintiff's petition. The petition asserts that defendant breached the contract and vexatiously refused to pay. However, the counterclaim requests a declaration of no coverage due to plaintiff's failure to comply with various duties after the loss occurred, such as cooperating in the investigation, accurately listing inventory, providing information and documentation and executing a sworn Proof of Loss statement. Defendant also alleges that plaintiff materially misrepresented the value and amount of its inventory which was damaged and/or destroyed. Additionally, defendant seeks recovery of money it has paid in an effort to secure plaintiff's cooperation in providing the necessary information and documentation. Defendant is also seeking recovery of its costs and expenses under Missouri law, including attorneys' fees. Thus, because the claims are distinct from the claims raised in plaintiff's petition, the Court finds that the counterclaim is not redundant of plaintiff's petition. Therefore, the Court hereby **DENIES** plaintiff's Motion to Dismiss (Doc. # 10).


Date: <u>November 26, 2012</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge